IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL COSTA, <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER CREDIT OF NORTH AMERICA, LLC. <br><br> Defendant. | Civil Action No. |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

3.      Plaintiff Paul Costa is an adult individual residing at 827 N. Pennock Street, Philadelphia, PA 19130.

4.      Defendant Premier Credit of North American, LLC ("Defendant") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at P.O. Box 19309, Indianapolis, IN 46219. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

### IV. FACTUAL ALLEGATIONS

5.      At all times pertinent hereto, Defendant was hired by Department of Education to collect a debt owed by someone other than Plaintiff relating to consumer purchases that were allegedly originally owed to Department of Education (hereafter the "debt").

7.      The debt at issue arises out of an alleged credit transaction which was primarily for personal, family or household purposes.

8.      On or about October 13, 2009, Defendant began contacting Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

9.      Notwithstanding the above, on or about October 14, 2009, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.  Defendant left a voicemail on Plaintiff's answering machine.  Plaintiff called Defendant back and was asked to verify his date of birth. When Plaintiff refused Defendant stated "fine, we will find out who you work for and garnish your wages."  Defendant then rudely hung up on Plaintiff.  Plaintiff called Defendant back after being hung up on, and again Defendant demanded to know Plaintiff's date of birth.  Plaintiff told Defendant's

representative that if she would give him three choices he would tell her if she had the correct date of birth. Defendant provided three birth dates none of which were Plaintiff's correct date of birth. Plaintiff told Defendant that none of the birth dates were his, that they had the wrong Paul Costa and to stop calling. Defendant replied, in a mocking tone, that she was "just humoring him."

10. Notwithstanding the above, on or about October 15, 2009, Defendant contacted Plaintiff, at his place of employment, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During this conversation Defendant spoke with Plaintiff's office manager and demanded Plaintiff's social security number. When the office manager refused to provide Plaintiff's social security number, Defendant told the office manager the social security number of the person they were looking for. The office manager then told Defendant that this number was not Plaintiff's social security number.

11. Notwithstanding the above, on or about October 15, 2009, Plaintiff contacted the Department of Education and confirmed that he did not owe the debt and to have the Department of Education contact Defendant. Plaintiff also contacted Defendant, via their web site, stating, "I am writing to request that you stop contacting me regarding an outstanding Department of Education loan. As I told you last night (after you threatened to garnish my wages), and as you learned this morning when you contacted my employer, you have the wrong "Paul Costa." Under the Fair Debt Collection Act, you may not call me at work or at home anymore."

12. The Defendant acted in a false, deceptive, misleading and unfair manner when it, without permission from Plaintiff, communicated with persons other than Plaintiff with respect to the debt for purposed other than to acquire location information.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

14. The Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take action that it legally could not take and did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating, in connection with the collection of a debt with persons other than the debtor on multiple occasions.

16. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff have sustained actual damages, including, but not limited to, injury to Plaintiff' reputation, invasion of privacy, damage to Plaintiff' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to

their great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA**

20.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23.   The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

24.   Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(3), 1692c(b), 1692d, 1692e(5), 1692e(10), and 1692f as evidenced by the following conduct:

  (a) Communicating with persons other than the debtor on more than one occasion;

  (b) Communicating with persons other than the debtor for purposes other than to acquire location information concerning debtor;

  (c) Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt;

  (d) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

  (e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

25.   Defendant's acts as described above were done with malicious, intentional,

willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

(c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE FCEUA AND UTPCPL

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

29. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

30. The above contacts by Defendant are "communications" relating to a "debt" as

defined by 73 P.S. § 2271.3 of the FCEUA.

31. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Communicating with persons other than the debtor on more than one occasion;

    (b) Communicating with persons other than the debtor for purposes other than to acquire location information concerning debtor;

    (c) Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt;

    (d) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

    (e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

33. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## VII.   THIRD CLAIM FOR RELIEF-INVASION OF PRIVACY

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant contacting Plaintiff's place of employment constitutes an invasion of privacy.

36. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VIII.  JURY TRIAL DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

                **RESPECTFULLY SUBMITTED,**

                **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
      MARK D. MAILMAN, ESQUIRE
      JOHN SOUMILAS, ESQUIRE
      GEOFFREY H. BASKERVILLE, ESQUIRE
      Attorneys for Plaintiff
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

DATE: November 17, 2009